**Warren S. Lee, Appellee, v. William D. Boyd et al., Appellees. Mike Kennedy, Appellant.**

**Gen. No. 6,534.   (Not to be reported in full.)**

Appeal from the Circuit Court of Kane county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the December term, 1916. Affirmed. Opinion filed February 12, 1918.

## Statement of the Case.

Bill by Warren S. Lee, complainant, against William D. Boyd and others, defendants, to remove cloud from the title to complainant's land. From a decree removing the clouds as to all defendants, defendant Mike Kennedy appeals.

A former owner of the land, George L. Sharp, contracted to sell and convey it to Lee and Barickman for a stated amount, $19,500, $1,000 of which to be paid in cash upon approval of title as merchantable by a certain attorney and mortgage given to secure the balance, payable $1,000 each year, except the last to be $1,500, with interest from March 1, 1912, when possession was to be given. The contract, dated September 8, 1911, was not filed for record until January 4, 1912, by some one, probably Barickman, who Lee claimed went to Canada in December, 1911, and abandoned the contract. Early in March, 1912, Sharp, at the office of the attorney, made a warranty deed to Lee which was dated March 1, 1912, acknowledged March 23 and recorded March 29, 1912. Barickman by written assignment dated June 10, 1912, executed and delivered then, or in the next November, assigned said contract and by quitclaim deed dated November 1, and acknowledged December 3, 1912, but not recorded, conveyed the land to defendant Kennedy.

A. G. KENNEDY, for appellant.

Novak v. Shoup, 209 Ill. App. 97.

Peffers & Wing and Murphy & Lyon, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

## Abstract of the Decision.

1. Vendor and purchaser—*how abandonment of contract of sale shown.* Abandonment of a contract for the sale of land may be shown by a party's conduct and by circumstances.

2. Vendor and purchaser—*when abandonment of contract by one of two purchasers is shown.* Evidence *held* sufficient to show abandonment of a contract for the purchase of certain land by one of the two signers thereof as the purchasers, in an action to remove such contract as a cloud upon the title.

3. Vendor and purchaser, § 323*—*when purchaser may not claim that contract is enforceable in his favor.* Where two parties signed a certain contract for the purchase by them of certain land, and one, only, of them made payment of the purchase price and of the cost of certain improvements on the land, and the other paid no part thereof, the failure of the latter to offer to repay the former anything was an insuperable barrier to him or his assignee maintaining the contract as enforceable in their favor.